UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 07 CR 10005 NMG |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| 1. KELLY SMOAK, | ) | 21 U.S.C. §§ 841(a)(1) - |
| 2. GERALD SCOTT, | ) | Distribution of Cocaine Base |
| 3. FERNANDO PHILLIPS, | ) | 18 U.S.C. § 2 - |
| AND | ) | Aiding and Abetting |
| 4. JEAN JANVIER | ) | |

INDICTMENT

COUNT ONE:    (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine Base)

The Grand Jury charges that:

On or about July 14, 2006, at Boston, in the District of Massachusetts,

GERALD SCOTT
AND
KELLY SMOAK,

the defendants herein, did knowingly and intentionally distribute, and aid and abet the distribution of, cocaine base, also known as "crack," a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18 United States Code, Section 2.

**COUNT TWO:**        (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine Base)

The Grand Jury further charges that:

On or about July 14, 2006, at a time shortly after the conduct alleged in Count One, at Boston, in the District of Massachusetts,

**FERNANDO PHILLIPS
AND
KELLY SMOAK,**

the defendants herein, did knowingly and intentionally distribute, and aid and abet the distribution of, cocaine base, also known as "crack," a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

**COUNT THREE:** (21 U.S.C. § 841(a)(1) -- **Distribution of Cocaine Base**)

The Grand Jury further charges that:

On or about July 20, 2006, at Boston, in the District of Massachusetts,

**KELLY SMOAK,**

the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, cocaine base, also known as "crack," a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

<u>COUNT FOUR</u>:   **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine Base)**

The Grand Jury further charges that:

On or about July 27, 2006, at Boston, in the District of Massachusetts,

**KELLY SMOAK,**

the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, cocaine base, also known as "crack," a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**COUNT FIVE:**   (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine Base)

The Grand Jury further charges that:

On or about August 16, 2006, at Boston, in the District of Massachusetts,

**KELLY SMOAK
AND
JEAN JANVIER,**

the defendants herein, did knowingly and intentionally distribute, and aid and abet the distribution of, cocaine base, also known as "crack," a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

COUNT SIX:        (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine Base)

The Grand Jury further charges that:

On or about August 24, 2006, at Boston, in the District of Massachusetts,

**JEAN JANVIER,**

the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, cocaine base, also known as "crack," a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The United States Attorney further charges that:

1. As a result of the offenses alleged in Counts One through Six,

      1. **KELLY SMOAK,**
      2. **GERALD SCOTT,**
      3. **FERNANDO PHILLIPS,**
      AND
      4. **JEAN JANVIER**

defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2. If any of the properties described in paragraph 1, above, as a result of any act or omission of the defendant --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY


_____
Theodore B. Heinrich
Assistant U.S. Attorney


DISTRICT OF MASSACHUSETTS                January 4, 2007

    Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk 1/4/07
@ 12:15 PM