UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____

NO. 07-CR-10005-NMG

_____

UNITED STATES

v.

KELLY SMOAK,
Defendant

_____

**SENTENCING MEMORANDUM OF DEFENDANT KELLY SMOAK**

The Probation Department has concluded that the advisory guidelines place the defendant in a guideline sentencing range ("GSR") of 210-262 months, based on a finding that he is a career offender, that his base offense level is 34, and his total offense level is 32, after adjustment for acceptance of responsibility. The defendant submits this memorandum to argue that the Court should impose a sentence below that guideline range.

1.  **A Downward Variance Is Appropriate Because All of the Other Defendants in this Investigation Have Received Substantially Lower Sentences, and Their Criminal Conduct Was Substantially Similar to That of Defendant.**

According to a press release issued by the U.S. Attorney's Office on January 10, 2007, when this Indictment was returned, a total of 21 defendants were charged as a result of a series of purchases of small amounts of crack cocaine from an undercover Boston Police Officer. Eleven of those defendants were charged in federal court, ten in state court.

Of the eleven defendants charged in federal court, nine have been sentenced, as follows:[1]

- Gerald Scott, No. 07-10005-2-NMG, **24 months**

- Fernando Phillips, No. 07-10005-3-NMG, **48 month**

- Jean Janvier, No. 07-10005-4-NMG, **19 months**

- John Webbe, No. 07-10007-RGS, **48 months**

- Nicholas Otey, No. 07-10004-EFH, **30 months**

- Melvin Green, No. 07-10002-GAO, **24 months**

- Anthony Johnson, No. 07-10003-RCL, **24 months**

- Christopher Bryant, No. 07-10067-NMG, **90 months**

- Gary Wallace, No. 07-10068-WGY, **42 months**

The defendant has included a chart at the end of this Memorandum that contains some information, gleaned from case files, about the other defendants.

Of the nine federal defendants who have been sentenced, two of them were career offenders. This Court sentenced Christopher Bryant to 90 months, noting that his predicate convictions were remote in time and problematic, and observing that there was an extreme disparity between the enhanced, career offender GSR (151-188 months), and the GSR into which the defendant would have fallen if he were not a career offender. Judge Stearns sentenced John Webbe to 48 months, down from the career offender GSR of 151 to 188 months.

---

[1]   The two federal defendants who have not yet been sentenced are Mr. Smoak and Kelly Walker, No. 07-10006-GAO, whose case was recently assigned to Judge O'Toole, following Judge Lindsay's death.

2.  **A Downward Variance Is Appropriate Because There Is a Large Disparity Between the Career Offender GSR and the GSR to Which Mr. Smoak Would Be Subject if He Were Not Treated as a Career Offender.**

According to the Presentence Report, if he were not a career offender, Mr. Smoak's GSR would be 63-78 months, based on a finding that he has a base offense level of 24 (for 6.86 grams of crack), less two for acceptance of responsibility, for a total offense level of 22, and a criminal history category of IV. See PSR, ¶¶ 54, 72. The disparity would be even larger if the Court considers the recent statements by the Department of Justice, recommending that the 100-to-1 crack-powder cocaine ratio be eliminated.

3.  **A Downward Variance Is Appropriate Because There Is a Large Disparity in How the Defendant Would Have Been Treated Had His Case Been Prosecuted in State Court.**

The defendant was able to locate sentencing information on three of the ten defendants who were charged in state court as a result of this investigation:[2]

- Odis Taste, Dorchester District Court No. 0707-CR-251, **2-1/2 years in house of correction, 1 year to serve**

- Sha-King Young, Dorchester District Court No. 0707-CR-253, **2 years probation**

- Jay Kelly, Dorchester District Court No. 0707-CR-253, **Continued without a finding for 2 years**

---

[2] Three of the ten state court defendants were juveniles, and their cases were not available to undersigned counsel. The Dorchester District Court could not locate files for the other four state court defendants.

**4.     The Predicate Conviction Used to Dramatically Enhance Defendant's GSR under 21 U.S.C. § 851 Was a Relatively Minor One.**

The government filed a notice of a prior drug felony conviction pursuant to 21 U.S.C. § 851, which increases defendant's maximum sentence from 20 to 30 years. This has the effect of increasing his total offense level from level 30 to level 32. That results in an increase in defendant's GSR from 168-210 months to 210-262 months.

The offense used to trigger this nearly 4 year increase in the GSR was a Dorchester District Court conviction for possession with intent to distribute cocaine. Defendant was stopped by police while in a car. Police found several plastic bags of cocaine in defendant's shoe. Defendant received a sentence of 18 months in the house of correction, with seven months to serve.

**5.     A Downward Variance Is Appropriate Because of the Defendant's Background and History.**

The Presentence Report paints a very sad portrait of the defendant. He was born to an alcoholic mother, and likely suffered from fetal alcohol syndrome. His mother did have the good fortune to flee from the defendant's abusive father, while she was still pregnant with the defendant. A short time later, before the defendant was born, the defendant's father murdered his new girl friend. The defendant did not meet his father until shortly before defendant's release from prison in 2000, when they were both incarcerated in MCI Norfolk prison.

As a young child the defendant was exposed to several murders in the neighborhood where he grew up. He was exposed to substance abuse and sexual abuse. Records from the Department of Youth Services ("DYS") show that defendant grew up with virtually no adult supervision or guidance. According to Dr. Ebert, who performed a psychological evaluation of the defendant, Mr.

4

Smoak suffers from chronic depression, and has signs of post-traumatic stress disorder related to "an impoverished childhood." He experienced delayed social, emotional, and cognitive development and is of borderline intelligence. He suffers from anxiety.

The defendant was either in the custody of DYS or under the supervision of DYS for much of his teenaged years. At age 19, he pled guilty to committing an armed robbery of a 24 Hour Store, using a pellet gun. He received a sentence of 6-15 years, and was incarcerated for 8 years before he was discharged in April 2000.[3/] He has experienced two subsequent incarcerations: He was incarcerated for 6 months in the Suffolk County House of Corrections for possession to distribute cocaine in 2002 (PSR ¶ 67), and for 14 days for disorderly conduct in November 2006. The instant federal offenses were committed in July and August 2006.

Notwithstanding the bleakness of this prior record, there is some reason for hope. For instance, the defendant's last conviction for a crime of violence was the 2001 armed robbery, for which he received a sentence of one year probation. The rest of his record since 2001 is consistent with that of a substance abuser, who from time-to-time, sold small amounts of drugs to support his habit.

---

[3/]  The defendant was arrested in 2001 for armed robbery of a Papa Gino's. He pled guilty to that offense in 2005 and received a sentence of 1 year probation.

Respectfully submitted
The Defendant Kelly Smoak
By his counsel

/s/ Charles W. Rankin

_____
Charles W. Rankin, BBO No. 411780
Rankin & Sultan
151 Merrimac St.
Boston, MA 02114
(617) 720-0011

May 28, 2009

**Certificate of Service**

  I hereby certify that this document filed through the ECF system will be sent automatically to all registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 28, 2009.

/s/ Charles W. Rankin
_____
Charles W. Rankin

**Chart with Details of Other Defendants
from this Investigation**

**Federal Defendants**

Gerald Scott, No. 07-10005-NMG-02
24 months
TOL 10, CHC V (upward adjustment from CHC IV), GSR (as adjusted upward) 21-27

Fernando Phillips, No. 07-10005-NMG-03
48 months
TOL 16, CHC III, GSR 27-33
Upward variance because 1) while defendant held responsible for only 1.8 grams, court found he was involved in many other sales 2) CHC III understates seriousness of his record 3) he was on fugitive status for five months.

Jean Janvier, No. 07-10005-NMG-04
19 months, plus 6 months halfway house
TOL 15, CHC III, GSR 30-37 months

Kelly Walker, No. 07-10006-GAO
Not yet disposed of. Defendant charged with one count, not subject to mandatory minimum. 851 notice filed alleging prior conviction of drug distribution in Dorchester District Court

John Webbe, No. 07-10007-RGS
48 months
TOL 29, CHC VI, GSR 151-188 (distribution of less than 2 grams of crack)

Nicholas Otey, No. 07-10004-EFH
30 months
TOL 21, CHC III, GSR 46-57 (crack/powder disparity stated as reason for downward variance in Judge Harrington's sentencing decision; defendant has distributed 5 grams of crack)

Melvin Green, No. 07-10002-GAO
24 months
TOL 21, CHC I, GSR 37-46

Anthony Johnson, No. 07-10003-RCL
24 months
TOL 15, CHC IV, GSR 30-37 months (downward variance based on proposed crack reduction)

Christopher Bryant, No. 07-10067-NMG
90 months, plus 6 months in a residential re-entry program
TOL 29, CHC VI, GSR 151-181 (court indicates career offender predicates are problematic and dated; court also notes extreme disparity between C.O. guideline and non-career offender guideline)

Gary Wallace, No. 07-10068-WGY
42 months
TOL 23, CHC I, GSR 46-57 (downward variance because of anticipated crack reduction)

**State Defendants**

Odis Taste, Dorchester District Court No. 0707-CR-251
2-1/2 years in house of correction, 1 year to serve, balance suspended for 2-1/2 years
Sold 2 bags of crack to undercover officer for $40

Sha-King Young, Dorchester District Court No. 0707-CR-253
2 years probation
Sold 2 bags of crack to undercover officer for $80

Jay Kelly, Dorchester District Court No. 0707-CR-254
Continued without a finding for 2 years